IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

PETE JOE VILLEGAS,        §
                        §
      *Petitioner*,        §
                        §
v.                       §       CIVIL ACTION No. H-07-4483
                        §
WILLIAM STEPHENS,       §
                        §
      *Respondent*.      §

## MEMORANDUM OPINION AND ORDER

Petitioner, currently a federal inmate, filed this *pro se* section 2254 habeas petition challenging the revocation of his parole from his 1996 state conviction. Respondent filed a motion for summary judgment (Docket Entry No. 51), to which petitioner filed a response (Docket Entry No. 84).

Based on careful consideration of the pleadings, the motion, the response, the record, and the applicable law, the Court **GRANTS** the motion for summary judgment and **DISMISSES** this case for the reasons that follow.

### I. BACKGROUND

Petitioner was convicted of possession and delivery of a controlled substance, namely cocaine, and sentenced to 20 years incarceration in 1996. He was released to parole in 2001. In 2003 he was indicted on federal firearms charges, and the State moved to revoke petitioner's parole. The revocation proceedings were suspended until after petitioner was

convicted of the federal firearm charges in 2005.[1]  The Texas Board of Pardons and Paroles (the "Board") reconvened the revocation proceedings in 2006, and petitioner's parole was revoked based on the federal conviction.  Petitioner unsuccessfully challenged the parole revocation in state habeas proceedings, then filed the pending section 2254 proceeding.

Petitioner was returned to state prison following the federal conviction.  During pendency of this case, he was again released to parole under the state conviction, but was immediately taken into custody under a federal detainer warrant for the federal firearms conviction.  He remains in federal prison, with a projected 2021 release date.  Nonetheless, petitioner simultaneously remains "on parole" under the state conviction, as his second parole release was not revoked.  Due to revocation of petitioner's first parole release, petitioner's maximum parole discharge date has been extended from March 2016 to February 2018, and the instant habeas proceeding is not moot.  *See Villegas v. Thaler*, No. 08-20822, consolidated with No. 09-20008 (5th Cir. 2011).

Petitioner raises the following eighteen habeas challenges to his state parole revocation:

---

[1]Petitioner was charged in a two-count indictment of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and with possessing a firearm considered a destructive device, in violation of 26 U.S.C. §§ 5861(d) and 5871.  The weapons that served as the basis of the charges were discovered during the execution of the parole warrant authorizing petitioner's arrest for violating his parole conditions.  The parole warrant was issued pursuant to Texas Government Code §§ 508.251 and 508.252(4).  *United States v. Villegas*, 2005 WL 2138357, *1 (S.D. Tex. 2005).

1.  The Board had no evidence to support his revocation;

2.  The revocation was based on petitioner's unlawful arrest;

3.  The revocation was pursuant to an unnamed unconstitutional statute;

4.  The Board failed to disclose a witness's suicide and a copy of a police report;

5.  He was denied the right to confront and cross examine a deceased witness;

6.  There was no evidence supporting petitioner's detention on April 25, 2003;

7.  The parole officer suppressed favorable material evidence;

8.  He was denied a prompt revocation hearing and disposition;

9.  His revocation hearing was not heard by a detached and neutral hearing body;

10. His revocation was based on false and altered evidence;

11. The revocation was not supported by verified facts;

12. Testimony indicates that he is actually innocent despite his federal conviction;

13. Police destroyed surveillance evidence;

14. Police suppressed favorable evidence;

15. Police used his parole warrant as a pretext to search for evidence;

16. Police used his unlawful arrest to search and seize his two vehicles and cell phone;

17. Police failed to exercise due diligence in determining who owned the residence when they executed the parole warrant; and

18. The Board failed to appoint him counsel.

Respondent argues that petitioner's claims are without merit.

## II.  THE APPLICABLE LEGAL STANDARDS

A.  <u>Habeas Review</u>

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  28 U.S.C. § 2254.  Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court.  *Harrington v. Richter*, ___U.S. ___, 131 S. Ct. 770, 785 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent.  *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409.  In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable.  *Id.* at 411.

4

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller–El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330–31.

B.    Summary Judgment

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed

5

facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, the state court's findings must be accepted as correct by the federal habeas court. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

## III. ANALYSIS

In denying habeas relief, the state trial court made the following findings of fact:

1.   The Court finds that the affidavit of Sandy Pickrell, Assistant Director, Review and Release Section, Parole Division, Texas Department of Criminal Justice, filed in the instant habeas proceeding is credible and that the facts asserted therein are true.

2.   The Court finds, based on the credible affidavit of Sandy Pickrell, that applicant was released to parole on May 31, 2001.

3.   The Court finds, based on the credible affidavit with attachments of Sandy Pickrell, that a pre-revocation warrant was issued against applicant on April 26, 2003 and executed on April 29, 2003.

4.   The Court finds, based on the credible affidavit of Sandy Pickrell, that the applicant was interviewed on May 9, 2003 and applicant signed and acknowledged a full understanding of the allegations against him and his rights in the revocation process and requested a preliminary hearing which was scheduled for May 20, 2003.

5.   The Court finds, based on the credible affidavit of Sandy Pickrell, that on May 20, 2003 a preliminary hearing which [*sic*] was convened and a continuance was declared to complete the hearing and obtain testimony from other witnesses who were present.

6.   The Court finds, based on the credible affidavit of Sandy Pickrell, that on May 29, 2003 a preliminary hearing was convened to address the

following rule violations: Rule #2, Unlawful Possession of a Firearm by a Felon, and Rule #5, Possession of a Prohibited Weapon.

7. The Court finds, based on the credible affidavit of Sandy Pickrell, that probable cause was established for the Rule #2 violation, but not the Rule #5 violation.

8. The Court finds, based on the credible affidavit of Sandy Pickrell, that on May 29, 2003, a revocation hearing which [*sic*] was convened and a continuance was declared until June 12, 2003.

9. The Court finds, based on the credible affidavit of Sandy Pickrell, that the revocation hearing which was continued until June 12, 2003, was not held because applicant was transferred to [f]ederal [c]ustody on June 6, 2003.

10. The Court finds, based on the credible affidavit of Sandy Pickrell, that on March 8, 2006 a revocation hearing was convened and a continuance was declared until March 21, 2006 to subpoena adjustment witnesses as requested by applicant and to provide him with the Preliminary Hearing Report.

11. The Court finds, based on the credible affidavit of Sandy Pickrell, that on March 21, 2006 a revocation hearing was convened and on April 6, 2006 the Parole Board Panel rendered a decision to revoke applicant['s] release based upon applicant's conviction in federal court for Felon in Possession of Firearm on October 12, 2005.

12. The Court finds, based on the credible affidavit of Sandy Pickrell, that applicant was not denied the right to confront or cross-examine adverse witnesses.

13. The Court finds, based on the credible affidavit of Sandy Pickrell, that applicant called witnesses Dana Barnes, John Nevarez, and Jessie Nevarez to testify in his revocation proceedings.

14. The Court finds, based on the credible affidavit of Sandy Pickrell, that applicant was represented by retained attorney Paul Decuir on May 20,

2003 and May 29, 2003, and applicant was not represented by counsel during the preliminary hearing on March 8, 2003.

15.    The Court finds, based on the credible affidavit of Sandy Pickrell, that applicant was denied a state appointed attorney because the allegations being addressed did not pose any complex issues and applicant was found to be capable of articulating a defense where appropriate.

16.    The Court finds, based on the credible affidavit of Sandy Pickrell, that there was no challenge to the neutrality of the Hearing Officer on May 20, 2003, May 29, 2003, March 8, 2006, or March 21, 2006. However, on June 2, 2003, there was a challenge to the neutrality of the Hearing Officer, and this objection was overruled.

17.    The Court finds, based on the credible affidavit of Sandy Pickrell, that all proceedings in applicant's case were conducted in accordance with Board of Pardon[s] and Paroles rules.

*Ex parte Villegas*, Cause No. 9409560-B. The state trial court concluded that petitioner failed to show that his parole was improperly revoked or that he was denied due process in his parole revocation proceedings. *Id*. The Texas Court of Criminal Appeals expressly relied on the state trial court's findings and conclusions in denying habeas relief. *Ex parte Villegas*, WR 45,341-02, at cover.

A.    <u>No Evidence</u>

Petitioner argues that the Board had no evidence to support the revocation of his parole. Careful consideration of petitioner's claim shows that, by citing to inconsistencies in the record and disagreeing with certain evidence and testimony, petitioner is actually challenging the sufficiency of the evidence to support his conviction.

8

Judicial review of a decision to revoke parole "is quite circumscribed." *Villarreal v. U.S. Parole Comm'n*, 985 F.2d 835, 839 (5th Cir. 1993). Due process only requires that there be "some evidence" in the record to support the decision to revoke parole. *Id.* A revocation proceeding is not part of a criminal prosecution. *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). The burden of proof in a parole revocation hearing is by a preponderance of the evidence, a considerably lower standard than reasonable doubt which governs criminal trials. *Villarreal*, 985 F.2d at 839. Indeed, parole authorities may even consider criminal charges that were dismissed. *Else v. Johnson*, 104 F.3d 82, 83 (5th Cir. 1997) (per curiam) (finding no due process violation when State considered dismissed criminal charge during parole revocation hearing).

The record here establishes that, as of the final revocation hearing, petitioner had been convicted of the federal offense of unlawful possession of a firearm by a felon, and sentenced to 210 months federal incarceration. In the hearing record, the hearing officer found that petitioner was in unlawful possession of a firearm as a felon, in violation of the terms of his parole. (Docket Entry No. 55, p. 6.)

Contrary to petitioner's assertions, the violation was supported by some evidence in the record, namely testimony that "On 02/22/06 OFFENDER was convicted of Unlawful Possession of a Firearm by a Felon, Case # 4:03CR-238-001 in the United States District Court Southern District of Texas and was sentenced to 210 months in the Federal Bureau of Prisons." *Id.*, p. 9. Petitioner did not present any evidence at the hearing, or at this juncture,

9

that the conviction was reversed or otherwise set aside. The hearing officer made findings

of fact and conclusions of law under a preponderance of the evidence standard, as follows:

A.  I find from Exhibit A the offender is under the authority of the Board of Pardons and Paroles and is subject to and knowledgeable of the rules/conditions of his/her administrative release status.

B.  Regarding the allegations under Rule #2 and #5 (Unlawful Possession of a Firearm by a Felon 04/25/03 & Possession of a Weapon: Firearm 04/25/03), I relied on the following information:

- Exhibit A (Preliminary Hearing Report)

- Exhibit B (Judgment & Sentence)

- OFFENDER testified: He should not be revoked because he was not in possession of any weapon. He has evidence that the police officers lied to the parole officer to get a parole warrant. He went to San Antonio and stored his vehicles at the NAVAREZ residence where he was later arrested. The guy that rented the hotel rooms in San Antonio had his room broken into and the following day OFFENDER'S room was broken into. Someone searched the room and planted a gun. He asked his friends about the gun and no one knew anything. He changed hotel rooms and later the gun was missing. Police had to have followed him to San Antonio because police asked what was put in the hotel safe. There are many contradictions by the police officers and in the Violation Report it states that GALLOWAY confirmed that OFFENDER was in possession of a firearm on 04/25/03. In 2003 COPELAND testified that OFFENDER did not reach for a weapon and the Exhibit supporting that is missing from Trial transcript. BROXSON[2] reported the firearm stolen on 03/27/03 and it was recovered the same day and on 04/01/03 BROXSON committed suicide with the firearm that police state OFFENDER stole. In Trial police fabricated the reason for his arrest. The parole warrant is based on an

---

[2]The preliminary hearing transcript reflects the individual's last name as "Brockston."

> unconstitutional statute. There were three police officers in the hotel room and the testimony given in Trial contradicts each other. The search warrant for the NAVAREZ residence was for weapons only and police seized his vehicles. The case is on appeal.[3]

> I conclude that OFFENDER violated Rule #2 & did not violate Rule #5.

(Docket Entry No. 55, p. 11.) Regarding the decision issued on June 2, 2003, the hearing officer considered the violation report, photographs of guns found in petitioner's possession, the offense report, and the testimony of several witnesses. *Ex parte Villegas*, WR 45,341-02, pp. 175–177. This Court finds sufficient evidence in the record to support the parole revocation under the "some evidence" standard.

To any extent petitioner claims that there was no evidence to support the preliminary hearing determination of probable cause, his argument fails. A review of the preliminary hearing transcript shows that police officers testified to finding firearms in the room occupied by petitioner, and that photographs of the firearms were introduced into evidence. That petitioner disputed access to or possession of the firearms, or disagreed with the testimony presented by the officers, does not constitute grounds to negate the probable cause finding or the ensuing parole revocation.

Petitioner has failed to demonstrate that the state court's disposition regarding this claim constitutes a decision that was contrary to, or involved an unreasonable application of,

---

[3]Petitioner's federal conviction was affirmed on appeal. *United States v. Villegas*, 494 F.3d 513 (5th Cir. 2007).

clearly established federal law as determined by the Supreme Court of the United States, or

resulted in a decision that was based on an unreasonable determination of the facts in light

of the evidence presented. *See* 28 U.S.C.A. § 2254(d). Therefore, he is not entitled to habeas

relief on this ground.

B.    Denial of Counsel

Petitioner argues that the Board failed to appoint him counsel for the final revocation

hearing. The revocation record reflects the following relevant comments and findings by the

hearing officer:

> In 2003 OFFENDER was represented by retained counsel in the Preliminary
> Hearing and First convening of Revocation hearing however since that time
> OFFENDER stated that he has hired and fired several attorney[s] because he
> did not feel as though he was being represented properly and did not hire an
> attorney for this Revocation Hearing.  OFFENDER was denied a state
> appointed attorney because the allegations being addressed did not pose any
> complex issues, [and] OFFENDER is capable of articulating a defense where
> appropriate.

(Docket Entry No. 55, p. 10, original emphasis.)

Petitioner did not enjoy a constitutional right to appointment of counsel at the

revocation hearing. Under certain circumstances, indigent persons may have a right to

appointed counsel in a parole or probation revocation setting. *See Gagnon v. Scarpelli*, 411

U.S. 778, 790 (1973) (holding that the need for counsel in the informal revocation context

should be decided on a case-by-case basis, rather than by an inflexible *per se* rule). Indigent

parolees have a right to appointment of counsel at parole revocation hearings only when the

"parolee's version of a disputed issue can fairly be represented only by a trained advocate." *Id.* at 788. Here, the hearing officer determined that appointment of counsel was unwarranted as the allegations were not complex and petitioner was capable of articulating a defense. Petitioner presents no probative summary judgment evidence showing that the allegations in the revocation proceeding were complex or that he was incapable of reasonably representing himself at the hearing. To the contrary, the pleadings and memoranda filed by petitioner in this case support the hearing officer's findings that petitioner was capable of defending himself at the revocation hearing.

Petitioner has failed to demonstrate that the state court's disposition of this claim constituted a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C.A. § 2254(d). Therefore, he is not entitled to habeas relief on this ground.

C.    Due Process

In *Morrissey v. Brewer*, 408 U.S. 471 (1972), the Supreme Court fully discussed the rights that must be afforded a parolee in conjunction with parole revocation proceedings. The Supreme Court made the following introductory comments in listing the rights that must be afforded to the parolee:

We begin with the proposition that the revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations[.] Parole arises after the end of the criminal prosecution, including imposition of sentence. Supervision is not directly by the court but by an administrative agency, which is sometimes an arm of the court and sometimes of the executive. Revocation deprives an individual, not of absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions.

*Id.* at 480. The Supreme Court held that a parolee is entitled to a preliminary and final revocation hearing and that the revocation procedures must provide the following:

1. written notice of the alleged parole violations;

2. disclosure of the evidence against him;

3. an opportunity to be heard personally and to present evidence;

4. the right to confront and cross-examine adverse witnesses, unless the hearing officer finds good cause for not allowing confrontation;

5. a hearing before a neutral and detached body, and

6. a written statement by the factfinders describing the evidence reviewed and the reasons for revoking parole.

*Id.* at 489. *See also Meza v. Livingston*, 607 F.3d 392, 404 (5th Cir. 2010); *Williams v. Johnson*, 171 F.3d 300, 304 (5th Cir. 1999).

The Supreme Court emphasized that the final revocation hearing should not be equated to a criminal prosecution. *Morrissey*, 408 U.S. at 489. Moreover, the inquiry is narrow and should be flexible enough to consider evidence of letters, affidavits and other materials that would not be admissible in an adversarial criminal trial. *Id.*

14

For petitioner to obtain relief in the instant proceeding, he must show a violation of one of these rights. Petitioner claims in the instant petition that he was denied *all* of these due process protections.

### i.    Lack of Notice/Disclosure

Petitioner claims that he was not provided notice or disclosure of Broxson's suicide of April 1, 2003, or given a copy of a certain police report.

Petitioner admits that he and/or his attorney were allowed to view all of the State's exhibits, but that his attorney was not given a copy of Exhibit D, a one-page police report. *Morrissey* affords petitioner the right to *disclosure* of the evidence against him; it does not hold that the State is constitutionally obligated to provide him copies upon demand. The State disclosed its evidence to petitioner, as required by *Morrissey*, and no due process violation is shown.

Petitioner also complains that the State did not inform him that witness Broxson had committed suicide on April 1, 2003. Again, petitioner concedes that the State disclosed the evidence and exhibits to him; the fact that Broxson had committed suicide was not evidence used against him, and no due process violation is shown. Regardless, petitioner fails to show that the State had not disclosed the information to petitioner's attorney, and petitioner's conclusory allegation to the contrary is unsupported by probative summary judgment evidence in the record.

15

In denying petitioner's application for state habeas relief, the state trial court made the following relevant finding of fact:

> 17.   The Court finds, based on the credible affidavit of Sandy Pickrell, that all proceedings in applicant's case were conducted in accordance with Board of Pardon[s] and Paroles rules.

*Ex parte Villegas*, Cause No. 9409560-B.

Petitioner's judgment and sentence for the federal offense of felon in possession of a firearm was sufficient evidence to establish that he had violated his parole. Consequently, petitioner has not shown and cannot show that any lack of notice of Broxson's suicide violated his right to due process, or had a substantial or injurious effect on the outcome of the revocation hearing. *See Williams v. Johnson*, 171 F.300, 307 (5th Cir. 1999).

Petitioner has failed to demonstrate that the state court's disposition of this claim constituted a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C.A. § 2254(d). Therefore, he is not entitled to relief on this ground.

ii.    Lack of Confrontation

Petitioner claims that "The Board did not provide [him] an oppo[r]tunity to confront Broxson at his preliminary hearing on May 20 and 29, 2003, nor could this have been possible because Broxson killed herself on April 1, 2003[.]" (Docket Entry No. 84-1, p. 2.)

16

The record shows that petitioner was provided an opportunity to be heard, present witnesses on his behalf, and present documentary evidence, as well as testify on his own behalf, at both the preliminary hearing and the revocation hearing. *Ex parte Villegas*, WR 45,341-02, pp. 173–177. The right of confrontation and cross examination afforded a defendant at revocation hearings is qualified, and can be limited for good cause. *See Morrissey*, 408 U.S. at 489. Petitioner presents no probative summary judgment evidence of Broxson's anticipated material testimony in his favor, and fails to show that he was harmed by any inability to confront or cross examine her at the preliminary hearing. *See Ybarra v. Johnson*, 251 F.3d 156, 2001 WL 300658, at *1 (5th Cir. 2001) ("It is well settled that we may not grant habeas relief unless the error at issue had substantial and injurious effect or influence in determining the proceeding's outcome.") (internal quotation marks omitted). Moreover, the record is clear that Broxson was deceased at the time of the hearings, and neither the State nor the Board prevented petitioner from confronting or cross examining her.

Petitioner was able to confront and cross-examine witnesses at the preliminary hearing. *Id.*, pp. 329–378. The right to confront adverse witnesses did not apply at petitioner's final revocation hearing, however, as the State's evidence consisted of petitioner's new federal conviction and the preliminary hearing report. Even had Broxson been available to testify at the revocation hearing, petitioner does not establish that she would have been able to rebut the evidence of his federal conviction.

In denying petitioner's application for state habeas relief, the state trial court made the following relevant findings:

12.   The Court finds, based on the credible affidavit of Sandy Pickrell, that applicant was not denied the right to confront or cross-examine adverse witnesses.

13.   The Court finds, based on the credible affidavit of Sandy Pickrell, that applicant called witnesses Dana Barnes, John Nevarez, and Jessie Nevarez to testify in his revocation proceedings.

*   *   *   *

17.   The Court finds, based on the credible affidavit of Sandy Pickrell, that all proceedings in applicant's case were conducted in accordance with Board of Pardon[s] and Paroles rules.

*Ex parte Villegas*, Cause No. 9409560-B.

Petitioner's judgment and sentence for the federal offense of felon in possession of a firearm was sufficient evidence to establish that he had violated his parole. Consequently, petitioner has not and cannot show that Broxson's unavailability violated his right to due process, or had a substantial or injurious effect on the outcome of the revocation hearing. *See Williams v. Johnson*, 171 F. 300, 307 (5th Cir. 1999).

Petitioner fails to demonstrate that the state court's disposition of this claim constituted a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light

of the evidence presented. *See* 28 U.S.C.A. § 2254(d). Therefore, he is not entitled to habeas relief on this ground.

   iii.  <u>Suppression of Evidence</u>

   Petitioner asserts that his parole officer and the police suppressed favorable material evidence that established his actual innocence. Specifically, he claims officers hid evidence that Broxson originally reported that it was a mutual acquaintance, not petitioner, who stole a gun from her, and that they relied instead on her later statement incriminating only petitioner.

   That Broxson was initially uncertain of the identity of the alleged thief does not constitute evidence of petitioner's actual innocence, either as to the parole violation charge or the underlying federal firearms offense. In addition to reporting the stolen gun, Braxson also informed police that petitioner was in possession of firearms, including an AK-47 and a "street sweeper," stolen property, and illegal narcotics. Police officers and investigators ultimately found petitioner in possession of several firearms and other illegal items, which formed the basis for his federal firearms prosecution and conviction. That he was not found in possession of Braxson's allegedly stolen gun would not negate evidence that he was found in possession of other firearms. Petitioner does not, and cannot under the facts of this case, establish that he was prejudiced or harmed by any failure of the State to reference Braxson's original statement that someone other than petitioner had stolen her gun.

In denying habeas relief, the state trial court found, "based on the credible affidavit of Sandy Pickrell, that all proceedings in applicant's case were conducted in accordance with Board of Pardon[s] and Paroles rules." *Ex parte Villegas*, Cause No. 9409560-B.

The state court denied habeas relief. Petitioner fails to demonstrate that the state court's disposition of his claims constituted a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C.A. § 2254(d). Petitioner is not entitled to federal habeas relief.

iv.    Delayed Hearing

Petitioner claims that he was denied a prompt revocation hearing and disposition as required by state statutory provisions. Such an allegation, however, does not, *per se*, constitute a violation of due process entitling petitioner to a reversal of the parole revocation.

In the parole revocation context, due process requires that a parolee be given, "as promptly as convenient," a " 'preliminary hearing' to determine whether there is probable cause or reasonable ground to believe that the arrested parolee has committed acts that would constitute a violation of parole conditions." *Morrissey*, 408 U.S. at 485. The parolee must also have an opportunity for a hearing prior to the final decision on revocation by the parole authority, tendered within a reasonable time after the parolee is taken into custody. *Id.* at 488.

While a parole revocation hearing must be tendered within a reasonable time after a parolee is taken into custody, the constitution does not place a specific time limit, especially when other criminal charges are pending. *See Moody v. Daggett*, 429 U.S. 78, 87–89 (1976) (rejecting the argument that an inmate against whom a parole violator's warrant had been issued was entitled to an immediate disposition); *Beck v. Wilkes*, 589 F.2d 901 (5th Cir. 1979) (finding that thirteen-month delay between execution of parole revocation warrant and final parole revocation hearing was not unconstitutional).

To establish a federal due process violation based on the untimeliness of a parole revocation proceeding, a parolee must show more than an unreasonable delay; he must also show that the unreasonable delay resulted in actual prejudice. *Villarreal v. United States Parole Comm'n*, 985 F.2d 835, 837 (5th Cir.1993): *Baca v. Owens*, 293 F. App'x 247, 251 (5th Cir. 2008). For instance, a delay that undermines a parolee's ability to contest the issue of the violation or to proffer mitigating evidence has been recognized as possible violations of due process principles. *United States v. Williams*, 558 F.2d 224, 226–28 (5th Cir. 1977).

In the instant case, petitioner was arrested on April 29, 2003. A revocation hearing was scheduled for June 12, 2003, but the hearing was not held because petitioner was transferred to federal custody on June 6, 2003, under the federal firearms charges. He was subsequently found guilty of the federal charges on October 12, 2005. A revocation hearing was held on April 6, 2006, on the basis of petitioner's federal conviction and his parole was

21

revoked that same day. Less than six months transpired between the federal conviction and final parole revocation hearing.

Petitioner has not demonstrated any unreasonable delay or that he was in fact prejudiced by any alleged delay in the holding of his preliminary revocation hearings. In petitioner's case, the hearing and any delay has been remedied, in that the final revocation hearing was undertaken and a decision reached. *See Smith v. United States*, 577 F.2d 1025, 1028 (5th Cir. 1978) (holding that due process entitled inmate only to an order to conduct the allegedly-delayed hearing). Even assuming *arguendo* that the delay in conducting the revocation hearing was unreasonable, petitioner has not shown actual prejudice, and he is not entitled to habeas relief.

Regardless, the state trial court found that "all proceedings in applicant's case were conducted in accordance with Board of Pardon[s] and Paroles rules." *Ex parte Villegas*, Cause No. 9409560-B. Petitioner fails to demonstrate that the state court's disposition of this claim constituted a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C.A. § 2254(d). Therefore, he is not entitled to habeas relief on this ground.

v.     Bias

Petitioner alleges that his revocation hearing was not heard by a detached and neutral hearing officer. A review of the record shows that only once did petitioner or his counsel raise any objection to the hearing officer's neutrality; the objection occurred at commencement of the preliminary hearing. *Ex parte Villegas*, p. 331. The basis of that objection was that the hearing officer was biased and prejudiced against petitioner by the very nature of the officer's employment with the Texas Board of Pardons and Paroles. *Id.* Petitioner's counsel admitted on the record that it was a standard objection he raised at all revocation hearings. *Id.*

Petitioner presents no probative summary judgment evidence that the officer's employment constituted a recognized source of bias or prejudice. To the contrary, the Supreme Court in *Morrissey* stated that parole revocation proceedings required "a neutral and detached hearing body *such as a traditional parole board*[.]" 408 U.S. at 489 (emphasis added). Moreover, the hearing officer found in petitioner's favor as to the alleged rule #5 violation, and counsel stated on the record that the preliminary hearing had been "fair and impartial." (Docket Entry No. 55, p. 6.) *See also Ex parte Villegas*, p. 374.

Nevertheless, petitioner complains of numerous rulings and decisions made by the hearing officer, offering his version of why the rulings and decisions were wrong. His disputes and disagreements with the hearing officer's actions do not constitute proof of bias

23

or prejudice. Petitioner presents no probative summary judgment evidence that a hearing officer involved in his revocation proceedings was biased or prejudiced against him.

Petitioner has failed to demonstrate that the state court's disposition of this claim constituted a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C.A. § 2254(d). Therefore, he is not entitled to relief on this ground.

        vi.    <u>Destruction of Evidence</u>

Petitioner complains that police destroyed evidence regarding their pre-arrest surveillance of his locations and activities. Specifically, he alleges that they destroyed evidence of his Mango Ridge location; the "third car" that he drove; his visits to the Timberline Drive location; their entry into the Timberline residence and his arrest; the location and search of a black bag in his bedroom; a "full blown search" of the Timberline residence prior to his arrest; and non-incriminating statements made by petitioner and other occupants of the residence.

Petitioner presents no probative summary judgment evidence of any specific evidence that was destroyed by the police. To any extent he claims police investigation notes or reports were unavailable, he fails to show that their unavailability prevented his presentation of a defense, mitigating, or adjustment evidence in context of the parole revocation hearing,

24

or that their availability would have negated probable cause at the preliminary hearing. The record shows that petitioner, the police officers, petitioner's witnesses, and others testified as to these matters at the preliminary hearing. The issue at the preliminary hearing was whether there was probable cause that petitioner violated the terms of his parole release; the hearing officer determined that probable cause existed as to one of the two alleged violations. The issues at the revocation hearing were whether petitioner violated the terms of his parole release and whether his parole should be revoked; both of these issues were resolved against petitioner.

In denying petitioner's application for state habeas relief, the state trial court found, "based on the credible affidavit of Sandy Pickrell, that all proceedings in applicant's case were conducted in accordance with Board of Pardon[s] and Paroles rules." *Ex parte Villegas*, Cause No. 9409560-B. Petitioner fails to show that any of these alleged items of evidence were destroyed by the police, that any such destruction was undertaken in bad faith, and that he was actually harmed or prejudiced by the loss of the alleged evidence. He further fails to cite United State Supreme Court precedent mandating that his parole revocation be set aside due to loss of the alleged evidence.

Petitioner has failed to demonstrate that the state court's disposition of this claim constituted a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light

of the evidence presented. *See* 28 U.S.C.A. § 2254(d). Therefore, he is not entitled to relief on this ground.

       vii.    <u>Lack of Hearing Report</u>

Petitioner claims that he was denied a copy of a hearing report.

Petitioner and/or his attorney signed the hearing reports appearing in the record, and his claim of being denied a copy of a hearing report is unsupported by probative summary judgment evidence. In denying petitioner's application for state habeas relief, the state trial court found, "based on the credible affidavit of Sandy Pickrell, that all proceedings in applicant's case were conducted in accordance with Board of Pardon[s] and Paroles rules." *Ex parte Villegas*, Cause No. 9409560-B. Petitioner's conclusory assertions are unsupported in the record, and are insufficient to preclude the granting of summary judgment against him. Moreover, he shows no actual harm or prejudice caused by the alleged lack of the copy, and fails to cite Supreme Court precedent mandating that his parole revocation be set aside due to lack of the report copy.

Petitioner fails to demonstrate that the state court's disposition of this claim constituted a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C.A. § 2254(d). Therefore, he is not entitled to relief on this ground.

D.   Unlawful Arrest

Petitioner alleges that his revocation was based on an unlawful arrest.  However, the record show that his revocation was based on his new federal firearms conviction.

Petitioner's challenge to the arrest underlying his federal conviction affords him no basis for relief, as it is of no moment for purposes of parole revocation that there was, or was not, an unlawfully arrest regarding a new conviction.  It is well established that a claim of unlawful arrest, standing alone, does not necessarily implicate the validity of the underlying criminal conviction.  *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995).  Petitioner's parole revocation was based on the new federal conviction; that evidence used in that new conviction may or may not have been obtained in violation of the Fourth Amendment would not constitute a viable issue in the ensuing state parole revocation proceeding.  This is particularly true in the instant case, as petitioner's Fourth Amendment challenges to his federal firearms conviction were denied in pretrial suppression proceedings.  *See United States v. Villegas*, 2005 WL 2138357 (S.D. Tex. 2005).  Moreover, petitioner fails to cite Supreme Court precedent mandating that his parole revocation be set aside due to an alleged unlawful arrest.

The state trial court rejected petitioner's habeas challenges to his parole revocation. Petitioner has failed to demonstrate that the state court's disposition constituted a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that

was based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C.A. § 2254(d). Therefore, he is not entitled to relief on this ground.

     E.    <u>Unconstitutional Statute</u>

Petitioner claims that his parole revocation was made pursuant to an unconstitutional statute. Specifically, petitioner asserts in his habeas petition that, "Petitioner's arrest was not supported by probable cause and Texas statute authorizing such arrest violates Supreme Court precedent that the standard of probable cause applies to all arrests, includi[ng] thos[e] of parolees." (Docket Entry No. 1, p. 7.) The petition does not identify the Texas statute or Supreme Court precedent to which petitioner refers.

In petitioner's response to the motion for summary judgment, petitioner states as follows: "[Petitioner's] arrest based on the Texas Government Code 508.252(4) is unlawful because the staute [*sic*] is based on a reasonable suspicion standard instead of probable cause which is required under the Fourth and Fourteenth Amendments of the Federal Constitution." (Docket Entry No. 84-1, p. 19.) Petitioner fails to demonstrate the applicability of these federal provisions in context of a state parole revocation proceeding, and fails to cite any relevant Supreme Court authority in support of his contention.

In denying habeas relief, the state trial court made the following relevant findings of fact:

6.     The Court finds, based on the credible affidavit of Sandy Pickrell, that on May 29, 2003 a preliminary hearing was convened to address the following rule violations: Rule #2, Unlawful Possession of a Firearm by a Felon, and Rule #5, Possession of a Prohibited Weapon.

7.     The Court finds, based on the credible affidavit of Sandy Pickrell, *probable cause* was established for the Rule #2 violation, but not the Rule #5 violation.

*Ex parte Villegas*, Cause No. 9409560-B (emphasis added).   Accordingly, petitioner's preliminary hearing was based on a finding probable cause.

It is unclear whether petitioner is arguing that his arrest, as opposed to the preliminary hearing result, was not based on probable cause.  To the extent he claims that the arrest lacked probable cause, it provides him no basis in context of this habeas proceeding for setting aside the parole revocation, and petitioner fails to cite relevant United States Supreme Court authority to the contrary.

The state court rejected petitioner's arguments and denied habeas relief.  Petitioner has failed to demonstrate that the state court's disposition constituted a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.  *See* 28 U.S.C.A. § 2254(d).  Therefore, he is not entitled to relief on this ground.

F.     Detention

Petitioner claims that there was no evidence supporting his detention of April 25, 2003.

The state trial court found that, according to the credible affidavit testimony of Sandy Pickrell, "a pre-revocation warrant was issued against applicant on April 26, 2003 and executed on April 29, 2003." Petitioner fails to establish that any detention to which he was subjected on April 25, 2003, unlawful or otherwise, constitutes grounds for setting aside his parole revocation.

Petitioner has failed to demonstrate that the state court's disposition of this claim constituted a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C.A. § 2254(d). Therefore, he is not entitled to relief on this ground.

G.     False Evidence

Petitioner next claims that his parole revocation was based on false and altered evidence. In support, petitioner directs the Court to his federal trial record, and attempts to show discrepancies between and among the trial testimony and testimony of witnesses at the parole revocation hearings. Petitioner also sets forth his disagreement with testimony taken

30

from both venues, including his conclusory allegations that certain testimony or evidence was "false," "fabricated," "altered," or "intentionally made misleading."

The state trial court found that, based on the credible affidavit testimony of Sandy Pickrell, "the Parole Board Panel rendered a decision to revoke applicant['s] release based upon applicant's conviction in federal court for Felon in Possession of Firearm on October 12, 2005." Petitioner presents no probative summary judgment evidence showing that the Board did not revoke his parole based upon his federal conviction, or that he was not convicted in federal court, and he fails to show that the basis for the Board's revocation of his parole was false. Moreover, his conclusory assertions of false, fabricated, altered, or intentionally misleading evidence or testimony are insufficient to raise a genuine issue of material fact in order to preclude the granting of summary judgment against him. *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (holding that a prisoner's mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue). Although petitioner directs the Court's attention to an alleged expert witness report that "proves" that portions of the recorded hearing were erased or altered, a review of the purported report reveals only speculation as to what process could be used to alter such a recording; the witness does not state that the recording *was* altered. Petitioner's claim fails to establish grounds for setting aside the revocation of his parole.

Petitioner has failed to demonstrate that the state court's disposition of this claim constituted a decision that was contrary to, or involved an unreasonable application of,

clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C.A. § 2254(d). Therefore, he is not entitled to relief on this ground.

H.    Lack of Verified Facts

Petitioner claims that his parole revocation was not supported by "verified facts." According to petitioner, "verified facts" are required pursuant to *Morrissey v. Brewer*, 408 U.S. 471, 485 (1972) ("What is needed is an informal hearing structured to assure that the finding of a parole violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the parolee's behavior.").

Contrary to petitioner's bald assertion, his parole revocation was based on verified facts. Specifically, it is undisputed that he was convicted of the federal firearms charges and sentenced to incarceration in federal prison. His disagreement with certain factual allegations, or the existence of contradictory assertions in the record, does not constitute grounds for invalidating his parole revocation.

Petitioner has failed to demonstrate that the state court's disposition of this claim constituted a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light

of the evidence presented. *See* 28 U.S.C.A. § 2254(d). Therefore, he is not entitled to relief on this ground.

### I.   Actual Innocence

Petitioner claims that testimony indicates he is actually innocent of the federal conviction for felon in possession of a firearm, requiring reversal of his parole revocation.

In support of this contention, petitioner again relies on discrepancies in the record, evidence, and testimony, and sets forth his own lengthy version of the events. Even assuming that a free-standing claim of "actual innocence" were a recognized federal habeas claim, petitioner fails to establish that he was "actually innocent" of the criminal charge for which he was convicted in federal court. *See Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Petitioner has failed to demonstrate that the state court's disposition of this claim constituted a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C.A. § 2254(d). Therefore, he is not entitled to relief on this ground.

### J.   Pretext Parole Warrant

Petitioner next claims that police used the pre-revocation parole warrant as a pretext to search for evidence, which resulted in seizure of evidence subsequently used in obtaining his federal criminal conviction.

Petitioner's argument affords him no basis for habeas relief.  Petitioner presents no probative summary judgment evidence establishing that the parole warrant was used as a "pretext," and his claim is conclusory and unsupported in the record.  Indeed, petitioner raised this very same claim during a suppression hearing in his federal firearms prosecution, and the Court expressly rejected his argument.[4]

Further, petitioner fails to cite any relevant Supreme Court authority supporting his argument that his claim constitutes grounds for setting aside his parole revocation, and this Court finds none.

Petitioner fails to demonstrate that the state court's disposition of this claim constituted a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.  *See* 28 U.S.C.A. § 2254(d).  Therefore, he is not entitled to relief on this ground.

---

[4]The Court held: "The search did not represent an end-run around the Fourth Amendment as Villegas contends.  Rather, the search was a product of multiple layers of investigation from independent sources.  The officers not only had reasonable suspicion, but also probable cause to search the premises on the morning in question.  The search was reasonable within the meaning of the Fourth Amendment." *United States v. Villegas*, 2005 WL 2138357, *4 (S.D. Tex. 2005).

K.    Unlawful Search and Seizure

Petitioner argues that the police executed an unlawful arrest to search and seize his vehicles and cell phone in order to obtain evidence against him. Stated otherwise, petitioner again challenges his parole revocation by attacking issues that were relevant in the federal conviction made the basis of his parole revocation.

Petitioner's argument affords him no basis for habeas relief, as it is of no moment for purposes of parole revocation that there may have been an unlawful search and seizure regarding a new conviction. It is well established that a claim of unlawful arrest, or of unlawful search and seizure, standing alone, does not necessarily implicate the validity of the underlying criminal conviction. *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995). Petitioner's parole revocation was based on the new federal conviction; that evidence used in that new conviction may or may not have been obtained in violation of the Fourth Amendment would not constitute a viable issue in the ensuing state parole revocation proceeding. This is particularly true in the instant case, as petitioner's Fourth Amendment challenges to his federal firearms conviction were denied in pretrial suppression proceedings. *See United States v. Villegas*, 2005 WL 2138357 (S.D. Tex. 2005).

The state trial court rejected petitioner's habeas challenges to his parole revocation. Petitioner has failed to demonstrate that the state court's disposition constituted a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that

was based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C.A. § 2254(d). Therefore, he is not entitled to relief on this ground.

### L. Lack of Due Diligence

Petitioner claims that police officers failed to exercise due diligence in determining who owned the residence when they executed petitioner's pre-revocation parole warrant. Petitioner presents no probative summary judgment evidence establishing that the State or any officer involved in the investigation of his case did not exercise due diligence in determining who owned the residence. Moreover, petitioner fails to show that ownership of the residence was a determinative issue in his parole revocation proceedings. His conclusory assertions are factually and legally unsupported, and they provide no basis for habeas relief in context of his parole revocation.

The state court denied habeas relief. Petitioner fails to demonstrate that the state court's disposition constituted a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C.A. § 2254(d). Therefore, he is not entitled to relief on this ground.

## IV. CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 51) is **GRANTED**

and this case is **DISMISSED WITH PREJUDICE**.  Any and all pending motions are

**DENIED AS MOOT**.  A certificate of appealability is **DENIED**.

**SIGNED** at Houston, Texas on the 8th day of August, 2014.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

37